

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00138-CR

BOBBY JOE CASTRO                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

### FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
### TRIAL COURT NO. 10099

----------

## MEMORANDUM OPINION[1]

----------

Appellant Bobby Joe Castro appeals from a judgment adjudicating him guilty of assault causing bodily injury to a family or household member two or more times within twelve months, enhanced by a prior felony conviction. *See* Tex. Penal Code Ann. § 12.42(a) (West Supp. 2016), § 25.11(a) (West 2011). Castro's court-appointed appellate counsel has filed a motion to withdraw and a

---

[1]*See* Tex. R. App. P. 47.4.

brief in support of that motion. Counsel avers that in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Castro of his motion to withdraw, provided him a copy of the motion and brief, informed him of his right to file a pro se response, informed him of his right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Castro's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court informed Castro that he may file a pro se brief, but he did not do so. The State did not submit a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw*. See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief, and we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d

684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 27, 2016